**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| PETER L. VASQUEZ,            )<br>    Plaintiff,            )<br>                              )<br>v.                            )<br>                              )<br>DAX K. LEWIS and              )<br>UNKNOWN JOHN DOE              )<br>KANSAS HIGHWAY PATROL         )<br>TROOPERS,                     )<br>    Defendants.          )<br>                              ) | Civil Action No. 12-4021-CM-JPO |

**STIPULATED PROTECTIVE ORDER FOR
CONFIDENTIAL INFORMATION**

Pursuant to Fed. R. Civ. P. 26(c) and in accordance with the Scheduling Order entered herein and the Guidelines for Agreed Protective Orders of this Court, the Parties have jointly requested a Protective Order because they may seek to discover and/or produce information, documents and things including, but not limited to, medical and psychiatric records, personnel files of Parties and non-parties, criminal investigation records, internal policies and procedures of law enforcement agencies, and other matters of a similar nature considered to be confidential. More specifically, in this action pursuant to 42 U.S.C. § 1983, Plaintiff, an Iraqi War Veteran, seeks minor economic damages in the form of scratches to his vehicle's exterior and $10,000 in non-economic damages for humiliation, embarrassment, and emotional distress (including fear and anxiety); the Complaint also refers to Plaintiff's health conditions; hence, records related to these issues may be requested and produced. Defendant Dax K. Lewis is a Trooper of the Kansas Highway Patrol, a law enforcement agency of the State of Kansas, subject to state and federal law regarding disclosure of criminal investigation records and criminal history.  Policies and procedures of the Kansas Highway Patrol, and possibly internal investigation records or

personnel records of law enforcement officers, may be requested or produced. Unnecessary disclosure to the public of these records would cause embarrassment, annoyance and undue burden within the meaning of Fed. R. Civ. P. 26(c).

This Court finds that good cause exists under Fed. R. Civ. P. 26(c) and the Court therefore hereby enters the following protective order:

I. **DEFINITIONS:** The following words and terms are defined for purposes of this protective order:

    A. "Party" or "Parties" shall mean Plaintiff, Defendant(s), and any additional Party to this matter that this Court may subsequently recognize as subject to this protective order, and their respective attorney(s).

    B. When used in this Order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever, including but not limited to matter in electronic form, produced by a Party pursuant to initial disclosures or discovery, including but not limited to, documents produced by any Party or non-party in this action whether pursuant to the Rules of Civil Procedure, subpoena, agreement, deposition transcripts and exhibits, and/or any portion of any Court filings that quote from or summarize any of the foregoing.

    C. "Confidential Matter" shall mean employment, disciplinary, investigatory, financial, medical or other information that is of a sensitive or non-public nature regarding Plaintiff, Defendant(s), non-party witnesses and non-party employees of the Kansas Highway Patrol, the State of Kansas, and/or other law enforcement agencies that may be subject to discovery in this action including, but not limited

        to, all personnel files, disciplinary actions and histories, criminal investigatory or security policies and procedures of the Highway Patrol, mental health and medical information, criminal history information, and information that discloses confidential sources, criminal investigation techniques or procedures, or intelligence-gathering information.

II.   **SCOPE:** This Order governs all exchange, use or dissemination of information or the production of documents designated as Confidential Matter.

III.   **PARTIES' AGREED TERMS AND CONDITIONS:** The Parties will abide by the following terms and conditions:

    A.   The Parties will not use or disclose Confidential Matter released in this proceeding for any other purpose or in any other proceeding.

    B.   The Parties will take appropriate security measures when storing Confidential Matter while it is in their possession.

    C.   All Confidential Matter produced during the course of this proceeding shall be returned to the producing Party within thirty (30) days of the final termination of this action, defined as entry of final judgment and the expiration of the time for appeal, or within 30 days of the entry of a mandate on any appeal if appeal is taken.

    D.   The individual pages of each document designated as Confidential Matter shall bear the following designation: **CONFIDENTIAL.** DVDs, CDs or other electronic matter shall be designated as "CONFIDENTIAL," on the front of the

    disc or as otherwise practicable. Transcripts from confidential DVDs or CDs shall be marked "CONFIDENTIAL."

E. No document, including DVDs or CDs, or transcripts therefrom, containing the foregoing designation shall be copied in whole or in part without the designation appearing on the copy.

F. Before disclosing Confidential Matter to any persons involved in this litigation, including but not limited to counsel, co-counsel, counsel's staff, or expert or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each person that the documents or information containing Confidential Matter are confidential, to be held in confidence, to be used solely for the purpose of preparing for this litigation and that these restrictions are imposed by a Court Order.

G. To the extent that a Party believes in good faith that it has a right to redact information, the Party may redact such information, provided that if a Party redacts information from any Confidential Matter and the face of the document itself does not make clear and obvious the nature of the information redacted, the Party shall provide in writing a specific category of information redacted (for example, social security number).

H. By this Protective Order, the discovering Party does not waive its right to make application to the Court, with proper notice, under the procedure set out by the Court or under applicable rules, to the responding Party and other Parties to the litigation, for a determination that any document designated as Confidential

      Matter produced by the responding Party does not contain sensitive and non-public information, or that in certain circumstances the information should be released from the provisions of this Protective Order.  If a dispute does arise concerning the propriety of designating particular documents as Confidential, whether certain documents or information should be released from provisions of this Protective Order, or concerning any other matter relating to the application of this Order, counsel shall attempt to resolve the dispute by agreement before asking the Court to resolve the dispute pursuant to the applicable rules of civil procedure.  The standard relevant to this determination is that of "good cause" under Fed. R. Civ. P. 26(c).

I.     The Parties understand and agree that Confidential Matter is subject to reasonable use as necessary in this action only.  Unless otherwise agreed by the Parties in writing in advance of such filing, if a Party wishes to use Confidential Matter in any affidavits, briefs, memorandum of law, or other filings in this litigation, a Party must file a motion with the court seeking leave to file the document under seal as per the Guidelines for Agreed Protective Orders and comply with the procedures in D. Kan. 5.4.6.

J.     Nothing in this Protective Order shall be deemed a waiver of the right of any Party to object to a request for discovery on the basis of relevance, materiality, privilege, overbreadth, or any other recognized objection to discovery.

K. This Protective Order may be modified by written stipulation signed by the Parties pursuant to these terms and by further order of the court.

**IT IS SO ORDERED.**

Entered this 14TH day of May, 2012.

s/ James P. O'Hara
Judge James P. O'Hara
United States Magistrate Judge
